**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| **THOMAS GROSS, on behalf of himself and on behalf of all others similarly situated,** | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.** |
| **v.** | ) | **8:17-CV-01920-CEH-TGW** |
| **ADVANCED DISPOSAL SERVICES, INC.,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT ADVANCED DISPOSAL SERVICES, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Advanced Disposal Services, Inc. ("Defendant" or "ADS") offers this reply brief in support of its Motion for Judgment on the Pleadings (Doc. 36):

## I. INTRODUCTION

As an initial matter, Plaintiff's Opposition to ADS's Motion for Judgment on the Pleadings (Doc. 43), when read together with his pending Motion for Class Certification (Doc. 37), demonstrates why Rule 23 class certification is improper here. Plaintiff argues in his Opposition he has standing to pursue his claims in Counts I and II because **he** was "confused" by ADS's disclosure and authorization form, but he ignores in his Motion for Class Certification the individualized inquiry that alleged confusion would be necessitate to determine whether putative

class members were similarly confused and instead focuses only on the alleged existence of technical Fair Credit Reporting Act ("FCRA") violations. Plaintiff cannot have it both ways.

Setting aside Plaintiff's inconsistent and incompatible positions, Counts I, II, and portions of Count III are due to be dismissed because Plaintiff has not demonstrated he has standing to pursue his claims. Furthermore, Plaintiff's conclusory contentions that ADS's disclosure and authorization form contained unlawful "extraneous" information is unsupported by the law. Finally, even if some technical FCRA violation did occur, Plaintiff cannot make the required showing of willfulness to pursue statutory penalties here. Therefore, dismissal of Counts I, II, and portions of Count III with prejudice is appropriate.

## II. ARGUMENT

### A. Plaintiff's Contradictory and Incompatible Positions Foreclose His Rule 23 Class Claims.

Plaintiff's allegations that he was "confused" by ADS's FCRA disclosure and authorization form render Rule 23 class certification improper. In apparent recognition that bare procedural violations are not enough to establish standing under the FCRA, Plaintiff contends in his Opposition to Defendant's Motion for Judgment on the Pleadings that ADS's FCRA disclosure and authorization form "confused" him. *See* Doc. 43, p. 1-2, 10, 12. In his Motion for Class Certification, however, Plaintiff did not contend that he or anyone else was confused and instead

focused only on alleged technical violations of the FCRA. *See* Doc. 37. The reason is obvious: If Plaintiff has standing to pursue his claims in this action because he was "confused" by ADS's FCRA disclosure and authorization form, individualized inquires will be necessary to determine whether each other putative class member[1] was confused.[2]

Plaintiff cannot have it both ways. He cannot claim he has standing based on his individual circumstances ("confusion") and then ask the Court to ignore that allegation and certify nationwide classes of ADS applicants and employees based on alleged FCRA technical and procedural violations. Plaintiff has offered no evidence whatsoever to even suggest other class members were similarly "confused." In contrast, ADS has offered testimony from 10 putative class members that they understood ADS's disclosure and authorization form and were not "confused," and, thus, did not suffer any harm sufficient to confer standing. *See* Docs. 50-50-12. Clearly, an individualized inquiry will be required into each

[1] Plaintiff's Opposition contains a strange argument titled "The Adverse Action Class Members Have Standing," which refers to ADS by the wrong acronym and discusses positions ADS has not taken. *See* Doc. 43, p. 15-16. ADS assumes that the argument is a cut-and-paste from another FCRA case. Regardless, each individual Rule 23 plaintiff must have standing to pursue FCRA claims, which requires individualized inquiries to determine whether each class member was similarly "confused" and suffered a "concrete" and "particularized" harm. *See Denney v. Deutsche Bank AG*, 443 F.3d 253, 263-64 (2d Cir. 2006) ("[N]o class may be certified that contains members lacking Article III standing."); *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1034 (8th Cir. 2010) ("A class 'must therefore be defined in such a way that anyone within it would have standing.' Or, to put it another way, a named plaintiff cannot represent a class of persons who lack the ability to bring a suit themselves.")

[2] *Branch v. Gov't Employees Ins. Co.*, 323 F.R.D. 539, 551–52 (E.D. Va. 2018) (court found no standing because "an FCRA violation does not necessarily cause an injury in fact" and "the possibility that some class members did not suffer injuries causes individual injury issues to predominate").

putative class member's understanding of the disclosure and authorization form. Therefore, Plaintiff's "confusion" allegations, while insufficient to even confer standing on him individually, certainly foreclose Rule 23 class certification.

## II. Plaintiff Lacks Standing to Bring Some of His Claims.

Plaintiff fails to demonstrate he has standing to pursue his FCRA claims.[3] Contrary to Plaintiff's contention that standing to bring suit under the FCRA exists whenever a consumer does not receive a proper stand-alone disclosure, the U.S. Supreme Court has held that standing requires a "concrete" and "particularized" injury and that "[a] violation of one of the FCRA's procedural requirements ***may result in no harm***."[4]

Following *Spokeo*, several circuit courts and the vast majority of district courts have held that merely asserting procedural violations of the FCRA without actual harm is not enough to establish standing.[5] Indeed, the Eleventh Circuit in *Nicklaw v. CitiMortgage, Inc.*, 839 F.3d 998 (11th Cir. 2016), recently held that an individual lacked Article III standing to pursue a procedural claim under New York state law because he did not suffer an actual injury. In support of the Eleventh Circuit's decision to deny an *en banc* rehearing, Judges William Pryor

[3] *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (a plaintiff carries the burden to show standing); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102-04 (1998).

[4] *Spokeo*, 136 S. Ct. at 1550 (emphasis added).

[5] *See* Doc. 36, fn. 9-14, 17; *see also Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 888 (7th Cir. 2017); *Dreher v. Experian Information Solutions, Inc.*, 856 F.3d 337, 340 (4th Cir. 2017).

and Stanley Marcus confirmed that the Court's reasoning in *Nicklaw* would also apply to the FCRA:

> The New York statutes are more like the statute at issue in *Spokeo*, the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, which required that credit reporting agencies "'follow reasonable procedures to assure maximum possible accuracy of' consumer reports." *Spokeo*, 136 S. Ct. at 1545 (quoting 15 U.S.C. § 1681e(b)).[6]

Therefore, non-compliance with the statute's procedural requirements does not necessarily create a "harm or present any material risk of harm," and a plaintiff must allege that the violation "had harmed him in the past or put him at risk of any future harm."[7]

Plaintiff's reliance on *Perry v. Cable News Network, Inc.*, 854 F.3d 1336 (11th Cir. 2017) and *Palm Beach Golf Center-Boca, Inc. v. Sarris*, 781 F.3d 1245, 1251 (11th Cir. 2015), is misguided. Unlike here, the *Perry* Court considered standing to sue under the Video Privacy Protection Act, which is a statute that "creates a cause of action for '[a]ny person aggrieved by an act of a person in violation of this section.'" 854 F.3d at 1340. The FCRA does not contain similar language, which is why the Supreme Court in *Spokeo* found that "[a] violation of one of the FCRA's procedural requirements ***may result in no harm***." *Spokeo*, 136 S. Ct. at 1550 (emphasis added). Moreover, the *Palm Beach Golf Center-Boca*,

---

[6] *Nicklaw v. CitiMortgage, Inc.*, 855 F.3d 1265, 1266 (11th Cir. 2017).

[7] *Id.* at 1267-68.

*Inc.* decision was decided under the Telephone Consumer Protection Act **<u>prior to the *Spokeo* decision</u>**. 781 F.3d 1245.

Plaintiff's "confusion" allegations, alone, do not make this more than a mere procedural violation argument and are not enough to confer standing. Plaintiff does not allege he would have acted any differently had he not been "confused." Nor does Plaintiff claim he actually relied on any alleged "extraneous" information in ADS's disclosure form. Plaintiff's cookie-cutter affidavit claiming confusion proves nothing and certainly does not show actionable harm. Because Plaintiff cannot demonstrate standing to pursue his claims in Counts I, II, and portions of Count III, the claims should be dismissed with prejudice.

### III. The Disclosure Form Was Not Unlawful.

Plaintiff contends that ADS's FCRA disclosure and authorization form contains so-called "extraneous information," but he has not — and cannot — show that any of the "extraneous information" actually renders the form unlawful. In his Opposition, Plaintiff for the first time listed items he contends are unlawful "extraneous information" included in the disclosure and authorization form. Doc. 43, p. 2-3. Other than listing his own personal opinion that they are "extraneous," however, Plaintiff failed to provide any specific case law or other support from any source whatsoever for his position that these items are, in fact, "extraneous" and unlawful. *Id.*

Contrary to Plaintiff's conclusory assertions, numerous courts and the Federal Trade Commission ("FTC") have found that disclosure forms with *some* extraneous information do not violate the FCRA. *See* Doc. 36, p. 17-18. Furthermore, courts have specifically rejected arguments that the type of information challenged by Plaintiff here renders an FCRA disclosure unlawful:

1. Courts and the FTC have found that an explanation of what a consumer report is and the process in which consumer reports are procured and compiled does not violate the FCRA.[8]

2. This Court and others have held that including information about the content of a consumer report, a consumer's right to request and dispute the report, and the companies generating the report is not unlawful.[9]

---

[8] *See Burghy v. Dayton Racquet Club, Inc.*, 695 F. Supp. 2d 689, 699-700 (S.D. Ohio 2010) ("[i]ncluding the explanatory language alongside the disclosure language is logical, given their relationship, and the Court cannot conclude that the presence of the former renders the latter inconspicuous."); Federal Trade Commission 40 YEARS OF EXPERIENCE WITH THE FAIR CREDIT REPORTING ACT, 2011 WL 3020575, at *44 (July 2011) (noting that a stand-alone disclosure and authorization form "may include a brief description of the nature of the consumer reports covered"); Federal Trade Commission Staff Opinion Letter to Kenneth M. Willner (March 25, 1999), 1999 WL 33932153, at *2 (noting that a paragraph explaining what a consumer report is and how they are compiled would not violate the stand alone disclosure requirement as "[t]he first sentence (the general consumer report disclosure for employers) sets forth the disclosure without elaboration, and the second and third sentences (the initial investigative consumer report disclosure) are sufficiently brief and in accord with the first sentence that we would consider it as emphasizing the [first] disclosure, and thus be permissible under that section"); Federal Trade Commission Staff Opinion Letter to Karen Coffey (February 11, 1998), 1998 WL 34323748, at *2 ("some additional information, such as a brief description of the nature of the consumer reports covered by the disclosure, may be included if the information does not confuse the consumer or detract from the mandated disclosure").

[9] *See Reed v. CRST Van Expedited, Inc.*, No. 8:17-CV-199-T-27TBM, 2017 WL 5633153, at *3 (M.D. Fla. Nov. 20, 2017) (J. Whittemore) (granting defendant's motion to dismiss and holding that disclosure form was lawful under FCRA where the form "include[d] information about the content of the consumer report, his right to request a copy of and dispute the report, and the companies potentially generating the report" and "provide[d] that Defendant would provide additional notices" and "d[id] not include blanket authorizations to release information, waivers of rights, or extraneous information about state laws" but instead notified plaintiff that "the state law notices and authorizations are included in separate pages"); *Newton v. Bank of Am.*, 2015 WL 10435907, at *5–6 (C.D. Cal. May 12, 2015); *Tauriainen v. Great Lakes Wine & Spirits, LLC*, No. 2:15-CV-12789, 2015 WL 12698403, at *2 (E.D. Mich. Dec. 31, 2015) ("It is unreasonable to believe that a consumer would be distracted from a background check disclosure

3. Courts have held that inclusion of certain disclosures required by state laws does not make an FCRA disclosure form unlawful.[10]

The FCRA disclosure and authorization form here does not include the type of information – waivers, releases, etc. – courts have found impermissible. Nor does it contain any of the information the Federal Trade Commission stated would be improper.[11] Accordingly, Plaintiff has not and cannot show that the items he challenges as "extraneous" are unlawful under the FCRA. Because Plaintiff cannot show ADS's disclosure and authorization form was unlawful, dismissal of Counts I and II with prejudice is proper.

## IV. ADS Did Not Act Willfully.

Even assuming, *arguendo,* Plaintiff could show ADS's disclosure and authorization form contained unlawful extraneous information (he cannot), Plaintiff seeks only statutory damages for Counts I and II and therefore must prove that ADS "willfully fail[ed] to comply" with the FCRA. *See* 15 U.S.C. § 1681. However, there can be no willfulness if ADS's conduct, "albeit erroneous, was ***not***

---

listing the wrong company name before the consumer has any idea that it is not the company that will be used.").

[10] *See Noori v. Vivint, Inc.*, No. CV 16-5491 PA (FFMX), 2016 WL 9083368, at *5 (C.D. Cal. Sept. 6, 2016) (granting defendant's motion to dismiss and holding that "the inclusion in the Disclosure Notice of information concerning an applicant's rights under state laws related to the procurement of a consumer report, and ability to view a copy of such a report, does not, under the Court's reading of [the FCRA], violate the FCRA's requirement that the disclosure be clear and conspicuous and be contained in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes.") (internal citations omitted).

[11] Federal Trade Commission, Background checks on prospective employees: Keep required disclosures simple, April 28, 2017, *available at* https://www.ftc.gov/news-events/blogs/business-blog/2017/04/background-checks-prospective-employees-keep-required.

***objectively unreasonable***."[12] Here, Plaintiff does not dispute in any meaningful way that ADS's interpretation of the FCRA is affirmatively supported by the courts and the Federal Trade Commission. *Compare* Doc. 36, p. 18-19 *with* Doc. 43, p. 16-18.

Rather, Plaintiff contends that willfulness cannot be resolved at this stage because ADS must introduce evidence that it actually interpreted the FCRA. *See* Doc. 43, p. 16-18. He is wrong. What matters under *Safeco's* "objectively unreasonable" test is "the text of the Act and authoritative interpretations of that text . . ."[13] The Eleventh Circuit has instructed that "subjective intent" is irrelevant when making this assessment.[14] Because ADS has demonstrated that its authorization and disclosure form was not "objectively" unreasonable based on guidance from the courts and the Federal Trade Commission, there can be no willfulness here as a matter of law. Accordingly, Counts I and II should be dismissed with prejudice.

---

[12] *Safeco*, 551 U.S. at 69 (emphasis added).

[13] *Safeco*, 551 U.S. at 72.

[14] *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1280 (11th Cir. 2017); *Levine v. World Financial Network Nat. Bank*, 554 F.3d 1314 (11th Cir. 2017). That is why this Court and numerous other have decided that a defendant did not willfully violate the FCRA as a matter of law at the motion to dismiss stage. *See Schoebel v. Am. Integrity Ins. Co. of Fla.*, 2015 WL 3407895, at *8 (M.D. Fla. May 27, 2015) (granting defendant's motion to dismiss on plaintiff's claims brought under the FCRA defendant did not act willful as a matter of law); *King v. MovieTickets.com, Inc.*, 555 F. Supp. 2d 1339, 1342-43 (S.D. Fla. 2008); *Robles v. AMPAM Parks Mech., Inc.*, 2015 WL 1952311, at *5 (C.D. Cal. Apr. 28, 2015).

### V. Determination of Plaintiff's Class Allegations Should be Stayed Pending Resolution of This Dispositive Motion.

The Court should determine this Motion before taking up Plaintiff's now pending Motion for Class Certification. *See* Doc. 37. If the Court concludes Plaintiff lacks standing, the class certification motion is obviously moot. But as set forth above, if the Court determines that Plaintiff has standing to pursue his claims because he was allegedly "confused" by ADS's FCRA disclosure form, individualized inquiries will be necessary to determine whether each putative Rule 23 class member likewise was "confused" and has standing to pursue his or her claims.[15] Therefore, a conclusion that Plaintiff's "confusion" allegations confer individualized standing would make class certification improper.

## CONCLUSION

For the foregoing reasons, as well as other reasons set forth in ADS's Motion for Judgment on the Pleadings, ADS respectfully requests that the Court dismiss Counts I, II, and portions of Counts III of Plaintiff's Amended Complaint with prejudice and stay the case pending resolution of this Motion.

*/s/ K. Bryance Metheny*
K. Bryance Metheny (Pro Hac Vice)
Email: bmetheny@burr.com
Secondary email: lsharitt@burr.com
H. Carlton Hilson (Pro Hac Vice)
Email: chilson@burr.com
Secondary email: lsharitt@burr.com

[15] *See Branch,* 323 F.R.D. 551–52.

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (204) 458-5110

*/s/ Jacqueline Simms-Petredis*
Jacqueline Simms-Petredis
FL Bar # 0906751
Email: jsimms-petredis@burr.com
Secondary email: mmichelson@burr.com

*Attorneys for Defendant*
*ADVANCED DISPOSAL SERVICES, INC.*

**OF COUNSEL:**
BURR & FORMAN LLP
201 North Franklin Street, Suite 3200
Tampa, Florida 33602
Tel: (813) 221-2626
Fax: (813) 357-3534

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail on this the 31st day of May, 2018:

Marc R. Edelman, Esq.
Fla. Bar No. 0096342
201 North Franklin Street, Suite 700
Tampa, FL 33602

C. Ryan Morgan, Esq.
Fla. Bar No.0015527
P.O. Box 4979
Orlando, FL 33802

Andrew Frisch, Esq.
Fla. Bar No. 27777
600 North Pine Island Rd, Ste 400
Plantation, Florida 33324

*/s/ K. Bryance Metheny*
OF COUNSEL