UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS GROSS, on behalf of himself
and on behalf of all others similarly situated,

    Plaintiffs,

v.                                CASE NO. 8:17-cv-1920-CEH-TGW

ADVANCED DISPOSAL SERVICES, INC.,

    Defendant.

_____/

**PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Pursuant to Federal Rule if Civil Procedure 23, Plaintiff, Thomas Gross ("Plaintiff"), on behalf of himself and on behalf of all similarly situated, hereby moves the Court for Final Approval of Class Action Settlement. In support of this Motion, Plaintiff states as follows:

**I.    INTRODUCTION.**

The Court granted Preliminary Approval to the Parties' proposed Settlement (the "Settlement") on September 18, 2019. (Dkt. 94). The Settlement Administrator provided notice to the Class in accordance with the Court's Order granting preliminary approval. (*Id.*). The Administrator estimates that the notice, sent via electronic and traditional mail, has reached 96% of Class Members. (Exhibit "1," Kincannon Declaration. ¶¶ 7-8). The reaction to the Settlement has been overwhelmingly positive. No Class Member objected or asked to be excluded from the Settlement. Practically speaking, little has changed since the Court issued the Order granting Preliminary Approval, confirming the Settlement is fair, reasonable, adequate, and warrants final approval.

**II.    NATURE AND STAGE OF PROCEEDINGS.**

    **A.    The Litigation**

In the Amended Class Complaint (Dkt. 20 - the "Complaint"), Plaintiff alleges that Defendant

willfully violated the disclosure and authorization provisions of the Fair Credit Reporting Act ("FCRA") in 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii) by obtaining consumer/background reports on Plaintiff and prospective applicants for employment purposes during the period beginning August 14, 2015, to March 17, 2017, without first disclosing to them in a separate disclosure solely containing the statutory language, and included additional language not permitted under the FCRA.

Plaintiff and Defendant (together, the "Parties") have been litigating this action since August 14, 2017. Defendant filed motions to dismiss and for judgment on the pleadings. Plaintiff served discovery on Defendant and third parties and Defendant served discovery on Plaintiff. Plaintiff moved for and obtained Rule 23 certification for the putative background check class, which the Court granted on December 10, 2018. Defendant petitioned the Eleventh Circuit to review the Court's Certification Order. Plaintiff opposed Defendant's petition. The Eleventh Circuit denied Defendant's petition for review. On March 26, 2019, the Parties attended mediation but were unable to reach a settlement. However, with the mediator's continued assistance, the Parties agreed to settlement terms and filed a Notice of Class Action Settlement with the Court on April 22, 2019.

### B. The Settlement Terms

The Settlement, preliminarily approved by the Court, provides for the following key terms:

- Defendant agrees to establish a gross Settlement Fund in the amount of $63,000.00. Any funds from the Net Settlement Fund that are not claimed timely by any Class Member shall automatically revert back to Defendant.

- Settlement Class Members that timely submitted a claim will receive a payment of $90.00;

- Payment from the Settlement Fund of the cost of notice and administration, approximately $11,000.00.

- Payment from the Net Settlement Fund to Class Counsel for costs incurred to the extent funds are available after Settlement Class Members' claims are paid.

- Payment from the Settlement Fund of a service award to the named plaintiff approved by the Court, up to a maximum of $5,000.00; and

- Defendant's payment of Class Counsel's attorney's fees directly to Class Counsel, in an amount of $187,500.00, outside the Settlement Fund.

### III.   NOTICE AND ADMINISTRATION.

The Parties utilized a Court-approved, third-party vendor, Simpluris, Inc. to notify the Settlement Class Members of the settlement and to provide settlement administration services. On September 30, 2019, Defendant provided the Settlement Administrator an electronic file containing the names and last known mailing addresses for the 669 Class Members. (Ex. 1, Kincannon Decl. ¶ 5.) On October 2, 2019, the Settlement Administrator established a toll-free number and website, www.advanceddisposalsettlement.com to make information about the settlement available to class members. (*Id.* ¶¶ 9, 10.) On October 2, 2019, the Settlement Administrator sent the Court approved Class Notice by first class U.S. Mail to 669 Class Members (*Id.* ¶ 7.). Of the 669 notice packets mailed, 115 were returned undeliverable (*Id.* ¶ 8.) After conducting advanced address research, Simpluris was ultimately able obtain address information for 87 Class Members and re-mailed Notice to them. Of the re-mailed notices, 28 were deemed undeliverable. (*Id.* ¶ 8.) Simpluris also posted the long-form Notice on the Settlement website, which was also identified in the Notice. (*Id.* ¶ 9.)

The Notice informed Settlement Class members of: (1) the material terms of the Settlement Agreement; (2) their right to object and how to do so; (3) their right to exclude themselves by opting out and how to do so; (4) that they will be bound by the Settlement Agreement if they do not opt out; (5) the date, time and location of the final fairness hearing scheduled by the Court; and (6) that the Court retains the right to reschedule the final fairness hearing without further notice. (Ex. 1, Kincannon Decl. Ex. A.) The Class Notices also directed recipients to the settlement website, www.advanceddisposalsettlement.com, which contained additional information about the Settlement and provided the toll free number (*Id.* Ex. A.) These extensive efforts to provide notice to the Settlement Class are "the best notice that is practicable under the circumstances." FED. R. CIV. P. 23(c)(2)(B).

Payments to Settlement Class Members who timely submit a proper claim form will be mailed a check by the Settlement Administrator and delivered by first-class U.S. mail, postmarked within ten days of the Effective Date. (DKT. 90-1 ¶ 39.) All checks will expire ninety days after they are issued and will state the expiration date on their faces. (*Id.* ¶ 39.)

## IV. REACTION TO THE SETTLEMENT.

The Settlement Class Members unequivocally supports the Settlement. The deadline for exclusions and objections was November 1, 2019.[1] As of this filing, there are **zero** objections or requests for exclusion (Kincannon Decl. ¶ 12).

## V. THE SETTLEMENT CLASS HAS BEEN CERTIFIED AND NOTIFIED OF THE SETTLEMENT PER THE COURT'S ORDER.

### A. The Court Has Already Certified The Settlement Class.

The Court has already determined this action was proper for resolution on a class wide basis pursuant to Rule 23(a) and 23(b)(3). (*See* Dkt. 94). The Class Notice met the requirements of Rule 23(c) and due process.

Federal Rule of Civil Procedure 23(c)(2)(B) requires that class notice:

> [C]oncisely state in plain, easily understood language:
>
> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

The Court-approved Notice satisfies each of these requirements. (Ex. A to Kincannon Decl.)

---

[1] Should any objections or requests for exclusion be received after the deadline, Plaintiffs will supplement this brief to alert the Court of those events and, if necessary, address the merits of any objections.

As to the manner of providing notice, Federal Rule of Civil Procedure 23(c)(2)(B) provides, in pertinent part, that, "[f]or any class certified under Rule 23(b)(3) the Court must direct to class members the best notice practicable under the circumstances including individual notice to all members who can be identified through reasonable effort." An individual mailing to each class member's last known address has been held to satisfy the "best notice practicable" test. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) (noting that individual mailings satisfy Rule 23(c)(2)). Here, the Settlement Administrator exceeded these requirements, reaching an estimated 96% of Class Members. (Ex. 1, ¶ 8.)

    **B.**    **The Settlement Remains Fair, Reasonable, And Adequate.**

In determining whether a proposed settlement is fair, reasonable, and adequate, the Court should consider several factors, including: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.[2] *Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir. 2011).

---

[2] December 1, 2018 amendments to Rule 23 require consideration of a similar, non-exhaustive list of factors:

    (A) the class representatives and class counsel have adequately represented the class;

    (B) the proposal was negotiated at arm's length;

    (C) the relief provided for the class is adequate, taking into account:

        (i) the costs, risks, and delay of trial and appeal;

        (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

        (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

        (iv) any agreement required to be identified under Rule 23(e)(3); and

    (D) the proposal treats class members equitably relative to each other.

"[D]etermining the fairness of a [class action] settlement is a discretionary decision for the trial court, though it should be 'informed by the strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement.'" *United States ex rel. Balko v. Senior Home Care, Inc.*, No. 8:13-cv-3072-T-17TBM, 2017 WL 9398654, at *8 (M.D. Fla. May 2, 2017), *report & recommendation adopted*, No. 8:13-cv-03072EAKTBM, 2017 WL 3268200 (M.D. Fla. Aug. 1, 2017). It is long-settled that in reviewing these factors, "the Court may 'rely upon the judgment of experienced counsel for the parties,' and 'absent fraud, collusion, or the like,' is 'hesitant to substitute its own judgment for that of counsel.'" *Burrow*, 2019 WL 4247284, at *7 (quoting *Canupp v. Liberty Behavioral Health Corp.*, 417 F. App'x 843, 845 (11th Cir. 2011), which in turn cites *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)). Here, the Court has already preliminarily found these standards to be satisfied. Since nothing has changed since that decision, the Court should affirm it by granting final approval to the Settlement.

### 1. Class Counsel and the Plaintiffs have adequately represented the Class.

This factor requires the Court to consider whether there was "an adequate information base" before negotiating and entering-into the Settlement. *Burrow*, 2019 WL 4247284, at *7. Here, there was such an information base. As set forth above and in the Motion for Preliminary Approval, Class Counsel has aggressively litigated this case for almost over two years, overcoming dispositive motions and a Rule 23(f) Petition at the Eleventh Circuit.

### 2. The Settlement resulted from arm's-length bargaining.

Rooting out potential collusion between the Parties to a settlement is a key facet of the Court's reasonableness analysis. *Burrow*, 2019 WL 4247284, at *8. Here, the Court has already concluded that "[t]he Settlement Agreement entered into by and among the Settling Parties has been

---

FED. R. CIV. P. 23(e)(2); *see Burrow v. Forjas Taurus S.A.*, No. 16-21606-CIV, 2019 WL 4247284, at *7 (S.D. Fla. Sept. 6, 2019). Plaintiffs discuss these factors below.

negotiated at arm's-length and is approved on a preliminary basis as fair, reasonable, and adequate." (DKT. 90). Nothing has changed since that conclusion, and nothing presented since that decision suggests otherwise.

Moreover, courts regularly conclude that the presence of a neutral in the settlement process further confirms that class interests were protected. *Burrow*, 2019 WL 4247284, at *8 (citing Rule 23 Advisory Committee Notes stating this proposition). The negotiation results—a settlement that pays a genuine cash award is better if not comparable to similar cases and confirms that Counsel and the Named Plaintiff achieved that result from good-faith, adversarial bargaining. The Court should therefore conclude that this requirement is met. *See Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1318–19 (S.D. Fla. 2005) (approving class settlement where the "benefits conferred upon the Class are substantial, and are the result of informed, arms-length negotiations by experienced Class Counsel.")

### 3. The relief provided to the Class is adequate.

In determining whether the relief provided through the Settlement is adequate, the Court should take into account:

> (i) the costs, risks and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3).

FED. R. CIV. P. 23(e)(2)(C). Many of these points are subsumed within those addressed by the Eleventh Circuit in *Faught*, 668 F.3d at 1240, as the likelihood of success and range of possible recovery are overlapping issues upon which the Court should focus in assessing fairness. *Burrow*, 2019 WL 4247284, at *9.

On whichever measure, the inquiry is not just the value or nature of the settlement achieved, but "whether that relief is reasonable when compared with the relief 'plaintiffs would likely recover if

successful, appropriately discounted for the risk of not prevailing.'" *Id.* The question then is whether the settlement is within the range of reasonableness rather than the most-favorable potential result of continued litigation. *Id.* It is well-settled that a settlement that pays a fraction of the potential recovery is not per se unfair or inadequate, as "[a] settlement can be satisfying even if it amounts to a hundredth or even a thousandth of a single percent of the potential recovery." *Id.* (quoting *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 542 (S.D. Fla. 1988), *aff'd*, 899 F.2d 21 (11th Cir. 1990) (alteration in original)). "It is important that the Court weigh the benefits Class Members will receive from the Settlement against the risks of litigating to final judgment and the Class Members recovering nothing." *Id.*

This case presents an excellent example of at least adequate relief to the Settlement Class Members. As explained above, there was a true possibility of a total loss for the Settlement Class Members if Plaintiff lost on summary judgment or at trial. However, even if Plaintiff prevailed on trial, he would still have to prove Defendant's conduct was willful. In fact, Plaintiff could conceivably provide liability but not establish willfulness, for which there would be no statutory damages awarded. Defendant will of course have its defenses and arguments to present on the merits as well, and there too exists a genuine chance that the Court will side with one or more of those arguments and hand Defendant a victory. In any of these scenarios, Settlement Class Members would get nothing.

The $90.00 Settlement Class Members stand to receive is above amounts in similar FCRA settlements to which courts, including within this District, have granted final approval. *Speer v. Whole Food Mkt. Grp., Inc.*, No. 8:14-cv-3035-T-26TBM (M.D. Fla. Jan. 1, 2016), DKT. 68 (approving $40 gross recovery for FCRA class members); *Fosbrink v. Area Wide Protective*, No. 8:17-cv-1154 (M.D.Fla. Jan. 22, 2019), (DKT. 79) (approving gross *pro rata* share of $39 before class counsel's attorneys' fees and costs, settlement administration costs, and service award to

Plaintiff); *Simons v. Aegis Commc'ns Grp.*, No. 2:14-cv-04012 (W.D. Mo. Oct. 15, 2014) (DKT. 29) (granting preliminary approval of improper disclosure settlement with payment of $35 per class member); *Beverly v. Wal-Mart Stores, Inc.*, No. 3:07-cv-469 (E.D. Va. May 1, 2009) (DKT. 39) (approving settlement providing for $54 gross amount per class member).

What the Class *will* receive because of the Settlement is outstanding also because of the context in which this case is brought. Under the FCRA, the jury may award Plaintiff and the Class between $100 and $1,000 apiece if Plaintiff is successful at trial. 15 U.S.C. § 1681n(a); *Irvine v. 233 Skydeck, LLC*, 597 F. Supp. 2d 799, 803–04 (N.D. Ill. 2009) (discussing statutory damages range in context of vagueness challenge and noting "courts that have found that a reasonable jury tasked with determining the proper amount of damages for a FACTA violation will be able to do so within the statutory range"). With that being the range, there is no predicting that a jury would view a trial victory for Plaintiff more worthy of an award of $1,000 versus $100. Thus, Plaintiff could certify the Class, maintain that certification through trial and any interlocutory appeals, survive any dispositive motions, win at trial on liability and willfulness, and be rewarded with a jury verdict of $100 per Settlement Class Member. Or, $10 *less* than the Settlement stands to pay the right now, guaranteed, with no risk. The benefit the Settlement will confer on Settlement Class Members is squarely within the range of potential awards Congress has deemed appropriate for a victorious Plaintiff. All Settlement Class Members are truly giving up is their ability to collect punitive damages, an outcome that is by no means a certainty. The Court should therefore conclude that the benefits are adequate.

As to the process by which those benefits could be obtained by Settlement Class Members, Settlement Class Members only needed to submit a simple claim form, either by mail or through a website dedicated to the settlement. On the whole, the Court should find that these factors favor finally approving the Settlement. *Burrow*, 2019 WL 4247284, at *10.

**4. The Settlement treats Class Members identically to one another.**

The Settlement treats all Settlement Class Members the same. There are no ranges for payments or other distinction from one consumer to another. All Settlement Class Members are receiving $90.00. All payments will therefore be the same for all Settlement Class Members, cementing that they are equitably treated relative to each other. FED. R. CIV. P. 23(e)(2)(D).

Likewise, the release given is not disproportional to Settlement Class Members' recovery. The release targets the types of claims brought in this case, and is not a general release of any and all claims of any kind against Defendant. The release is narrowly tailored to address just claims under the FCRA, without releasing any other claims an individual may have against Defendant. The Court should find that these factors too favor final approval.

**5. There is no opposition to the Settlement.**

Low opt-out and objection rates weigh in favor of finally approving a settlement. *Burrow*, 2019 WL 4247284, at *10 (collecting cases). Here, the objection rate is currently as low as it can be—zero. The complete absence of opposition to the settlement confirms that it is fair, reasonable, and adequate. *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-2424-T-23JSS, 2017 WL 2472499, at *1 (M.D. Fla. June 5, 2017) ("The absence of opposition to the settlement militates heavily toward approval.").

None of the 669 members of the Settlement Class has opted out, which also weighs in favor of granting final approval.

**6. The proposed Incentive Award and attorneys' fees are reasonable.**

Plaintiff has addressed the requested attorneys' fees and incentive award in a separate brief. For purposes here, Plaintiff notes that no one has objected to either amount, both of which were negotiated after the Class relief was agreed-upon. (See Declaration of Marc Edelman attached as Exhibit "1" to Plaintiff's Motion for Attorneys' Fees filed contemporaneously herewith.) Defendant

does not oppose the amount requested, further showing its reasonableness.

In sum, all things considered, nothing has changed since the Court's grant of preliminary approval that could cast doubt on the appropriateness of that decision. The Court should therefore affirm it with final approval of the Settlement.

V. **CONCLUSION.**

The Court should finally approve the Settlement. The proposed settlement is fair, reasonable, and adequate, by not only an objective analysis of the benefits but also through the subjective views of the consumers in the Settlement Class, none of whom have opposed. Thus, Pursuant to the Rule 23, the Court should confirm the appointment of Plaintiff as Settlement Class Representative and his attorney as Settlement Class Counsel and award Class Counsel the proposed attorneys' fees and costs.

WHEREFORE, Plaintiff Thomas Gross, for himself and on behalf of all others similarly situated, respectfully request that the Court grant this Motion and finally approve the Settlement.

Dated this 13th day of December, 2019.

/s/ *Marc R. Edelman*
MARC R. EDELMAN, ESQ.
Florida Bar No.: 0096342
**MORGAN & MORGAN, P.A.**
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: 813-223-5505
Fax: 813-257-0572
E-mail: Medelman@forthepeople.com
*Attorney for Plaintiff*

## LOCAL RULE 3.01(g) CERTIFICATION OF COMPLIANCE

Pursuant to Middle District of Florida Local Rule 3.01(g), Counsel for the Plaintiff and Defendant have conferred and Defendant does not oppose the relief sought herein.

/s/ *Marc R. Edelman*
MARC R. EDELMAN, ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of December, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to:

K. Bryance Metheny, Esq. (*Pro Hac Vice*)
H. Carlton Hilson, Esq. (*Pro Hac Vice*)
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: 205.251.3000
Facsimile: 204.458.5110
E-mail: bmetheny@burr.com
E-mail: chilson@burr.com
*Attorneys for Defendant*

Jacqueline Simms-Petredis, Esq.
Burr & Forman LLP
201 N. Franklin Street, Suite 3200
Tampa, FL 33602
Telephone: 813.221.2626
Facsimile: 813.357.3534
E-mail: jsimms-petredis@burr.com
*Attorneys for Defendant*

/s/ *Marc R. Edelman*
Marc R. Edelman, Esq.