**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

THOMAS GROSS, on behalf of himself
and on behalf of all others similarly situated,

                Plaintiffs,
v.                                      Case No.: 8:17-cv-1920-CEH-TGW

ADVANCED DISPOSAL SERVICES, INC.,

                Defendant.
_____/

**<u>FINAL ORDER</u>**

This matter is before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (Dkt. 97) and Plaintiff's Unopposed Motion for Attorneys' Fees and Costs and a Class Representative Service Award (Dkt. 96), which came before the Court for hearing on January 3, 2020. Due and adequate notice having been given to Settlement Class Members as required by the Court's September 18, 2019 Order granting preliminary approval to the class action settlement and conditionally certifying the class for settlement purposes (Dkt. 94) and the Court having considered all papers filed and proceedings in this action, and having received no objections to the settlement, will grant the Unopposed Motion for Final Approval of Class Action Settlement and Plaintiff's Unopposed Motion for Attorneys' Fees and Costs and a Class Representative Service Award. The Court finds:

        1.        This Court has jurisdiction over the claims of the members of the Settlement Class asserted in this proceeding, personal jurisdiction over the Plaintiff and Defendant, and the members of the Settlement Class, as defined in the Settlement Agreement.

        2.        Notice given to the class fully and accurately informed the Settlement Class of all material elements of the proposed settlement and of their opportunity to exclude themselves from,

object to, or comment on the settlement, and to appear at the final approval hearing.  The notice was reasonable and the best notice practicable under the circumstances.  The notice program described in the Settlement Agreement and completed by the Settlement Administrator complied fully with the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws.

3. The Settlement Agreement is not an admission by Defendant or by any other released party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant or any other released party.  Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant or any of the Released Parties.

5. All members of the Settlement Class are bound by this Final Approval Order and by the terms of the parties' Settlement Agreement, including releases provided for in the Settlement.  As of the effective date of Settlement, by operation of the entry of this Final Order, each Settlement Class Member, including Plaintiff, shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims that he or she may have against the Released Parties.

6. Members of the Settlement Class were given a full opportunity to participate in the Final Fairness hearing.  All members of the Settlement Class who did not timely and properly opt out of the settlement are bound by this Order.

7. The Court has considered all relevant factors for approving a class action settlement, namely whether the settlement is "fair, adequate and reasonable and not the product of collusion between the parties." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). The

Court has considered "(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *Bennett*, 737 F.2d at 986. All such factors weigh in favor of granting final approval.

8. The Settlement was not a product of fraud or collusion. The claims were aggressively prosecuted and fiercely contested. The Settlement was a product of the parties' arms-length, adversarial negotiations and accomplished at a formal mediation conducted by a neutral third party. The terms of the settlement are in all respects fair, adequate, and reasonable.

9. It is clear that trying this case would be lengthy, expensive and could result in appeals. The parties were well positioned to assess the strengths and weaknesses of this case and the benefits of the proposed Settlement Agreement. Thus, considerations of the complexity, expense, and duration of the litigation, when viewed in context with the stage at which settlement was achieved, supports approval of the Settlement Agreement. In so finding, the Court has considered all evidence presented, including evidence regarding the strength of the Plaintiff's case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of Plaintiff's counsel. The Court has also considered the absence of objection to the settlement.

10. The payments to Settlement Class Members of Ninety Dollars ($90.00) is fair and reasonable in light of all the circumstances. The parties agreed to a claims made settlement structure, requiring class members to submit claims forms to receive their award. Each Class Member that submitted a claim prior to the claims deadline will receive a significant monetary

benefit in the middle range of statutory damages available pursuant to the FCRA. This is a very good outcome for the Settlement Class Members. The Court, therefore, orders the payments to be made and administered in accordance with the terms of the Settlement Agreement and this Order.

10.     The services provided by the Settlement Administrator were for the benefit of the Settlement Class, and the actual cost of no more than $11,000.00 is fair, reasonable, and appropriate for reimbursement. The Court approves payment of actual costs up to this amount of $11,000.00 for administration fees, which includes all costs and fees incurred to date, as well as estimated costs and fees involved in completing the administration of the Settlement.

11.     The Court confirms Marc R. Edelman, Esq., of the law firm Morgan & Morgan, P.A. as Class Counsel in this action. Class Counsel has demonstrated sufficient experience, knowledge, and skill to promote and safeguard the interests of the Class.

12.     The Court has reviewed Plaintiff's Unopposed Motion for Attorneys' Fees and Costs and Class Representative Service Award. (Dkt. 96) Class Counsel's hourly rate of $550.00 is reasonable and commensurate with Class Counsel's experience and expertise. Class Counsel has documented 366 hours of time in the action. (Dkt. 96-1) Class Counsel seeks attorneys' fees in the amount of $187,500.00, which is less than Plaintiff's lodestar fee of $201,300.00. Class Counsel's fee request is fair, reasonable, in light of the results obtained for the Class Members, and in line with fees customarily awarded by courts in the Middle District and the Eleventh Circuit. The Court further approves Class Counsel's costs in the amount of $ 7,519.19.

13.     Plaintiff Thomas Gross is a suitable representative for the Settlement Class and confirms his appointment as the Class Representative. Plaintiff Gross's commitment to the litigation and its outcome ensured adequate advocacy for the Settlement Class, and his interests are aligned with those of the Settlement Class.

14. The Court recognizes that without Plaintiff Gross's participation, there would very likely be no recovery for the Settlement Class. Plaintiff Gross put his name on the complaint and remained involved with the litigation through all stages. As a result, the Service Award in the amount of $5,000.00 to Plaintiff Gross is fair and reasonable compensation based on the evidence presented regarding the services provided by Plaintiff in assisting Class Counsel.

15. The Court directs that, no later than seven (7) days after the entry of this Order, the Settlement Administrator will pay the Class Representative's Service Award and Class Counsel's Award of Fees & Costs. Within seven (7) days of the entry of this Order, the Class Administrator shall calculate the actual cost of no more than $11,000.00 for administration fees, which includes all costs and fees incurred to date, as well as estimated costs and fees involved in completing the administration of the Settlement.

16. No later than seven (7) days after entry of this Order, Settlement Administrator shall mail checks to Class Members who timely submitted claims. The checks shall be negotiable for 90 days and mailed in accordance with the Settlement Agreement.

17. The Clerk is directed to terminate all deadlines and close this case.

**DONE AND ORDERED** at Tampa, Florida, on this 26th day of February, 2020.

Charlene Edwards Honeywell
United States District Judge

**COPIES FURNISHED TO:**
Counsel of Record

5